JAMES J. WOODS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Woods v. Commissioner
Docket No. 23540-87
United States Tax Court
T.C. Memo 1990-393; 1990 Tax Ct. Memo LEXIS 402; 60 T.C.M. (CCH) 283; T.C.M. (RIA) 90393; July 25, 1990, Filed James J. Woods, pro se. Elizabeth Henn, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM OPINION This matter is before the Court on petitioner's motion to reconsider the bench opinion rendered previously in this case pursuant to section 7459(b). All Rule references are to the Tax Court Rules of Practice and Procedure. In the opinion rendered in this case, the Court found that petitioner, during his employment with Random House, engaged in several schemes through which he illicitly obtained funds for services or materials allegedly provided to Random House by companies controlled by petitioner, or petitioner's associate. During 1983 and 1984, the tax years at issue, three business entities were involved in carrying out these plans: Gil Hatch Roofing; Hy-tech Equipment and *403 Supplies; and Energy Systems and Controls. At trial, petitioner offered evidence to establish the amount of business expenses incurred by Gil Hatch Roofing and Hy-tech. Based on that evidence, we found that business expenses equaled 35 percent of the receipts of Gil Hatch Roofing, and that business expenses equaled 10 percent of the receipts of Hy-tech. In his Motion for Reconsideration, petitioner contends that the Court failed to make a finding that petitioner was entitled to certain deductions relating to petitioner's operation of Energy Systems and Controls ("ES & C"), and that respondent had conceded that more deductions should be allowed. Petitioner is correct that we allowed no business expenses for ES & C. The issue is whether our refusal to do so was correct. Petitioner bears the burden of proving expenses incurred in connection with a trade or business. Rule 142(a); . The record contained extensive testimony by petitioner and his collaborator, Gil Hatch, about expenses incurred by Gil Hatch Roofing in its purported performance of services for the Random House Company. The record also shows that, although *404 heavily diluted, some chemicals were purchased and delivered to Random House by Hy-tech. In contrast, for ES & C, there was no testimony or documentary evidence that there were any expenses, or any real business activities. In response to respondent's question whether ES & C ever sold anything to anybody other than Random House, petitioner said no. According to petitioner's testimony, the only service provided by or through ES & C was work performed by him on the weekend, not part of his normal workweek. Petitioner's testimony leads us to conclude that ES & C incurred no deductible business expenses, and petitioner failed to produce any evidence showing otherwise. There is no indication that goods were purchased by ES & C for resale to Random House, or that any expenses were incurred in connection with petitioner's claimed extra work on weekends. It is true that payments from Hy-tech were deposited in an ES & C bank account, but that does not show that ES & C incurred business expenses. From this record we see no basis for allowing a deduction for business expenses by ES & C. Petitioner correctly points out that at trial respondent conceded that some business expenses should *405 have been allowed. However, respondent's concession specifically related to business expenses for Gil Hatch Roofing and Hy-tech. We believe that the findings of the Court with respect to those two entities fully reflect respondent's concession. While respondent made concessions with respect to business expenses incurred through Gil Hatch Roofing and Hy-Tech, there was no concession relating to ES & C. In this case, we have no evidence to support allowing a deduction for business expenses incurred through ES & C; we have testimony from petitioner that tends to show there were no expenses; and we have no concession by respondent relating to those expenses. Therefore, petitioner's motion that we reconsider our disallowance of business expenses in connection with ES & C is denied. An appropriate order will be issued.